Filed 10/16/14

CERTIFIED FOR PARTIAL PUBLICATION*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C074279 |
| Plaintiff and Respondent, | (Super. Ct. No. MCRDCRF080000011) |
| v. | |
| ARMANDO JOSEPH GARCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Shasta County, James Ruggiero, Judge. Affirmed.

Charles M. Bonneau, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Tia M. Coronado, Deputies Attorney General, for Plaintiff and Respondent.

---

* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part II of the Discussion.

1

Defendant Armando Joseph Garcia appeals from the trial court's denial of his petition for resentencing under the Three Strikes Reform Act of 2012 (the Act).[1] The court based the denial on its finding that defendant poses "an unreasonable risk of danger to public safety" if released. The bases for its finding were defendant's "nonstop criminal history" that included violent felonies (two robberies), two escapes from confinement, an 18-year prison commitment shortly after which he exhibited a weapon, and the relatively recent timing of his current offense (receiving stolen property) in 2007.

Defendant contends on appeal the Act is unconstitutionally vague because the term "unreasonable risk of danger to public safety" is not adequately defined. We disagree.

As we explain, the term "unreasonable risk of danger to public safety" is clear because it can be objectively ascertained by reference to the examples of evidence the trial court may consider in making this determination. These examples are: "(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;  [¶]  (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and  [¶]  (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."  (§ 1170.126, subd. (g).)

FACTUAL AND PROCEDURAL BACKGROUND

Defendant's current offense for which he has been incarcerated under the three strikes law was receiving stolen property committed in December 2007. He and his wife acted as lookouts while another person burglarized a home. When police tried to

---

[1]     Penal Code section 1170.126. Further section references are to this code.

handcuff him, defendant attempted to pull free, requiring two officers to restrain him with the help of pepper spray. Defendant had a stolen camera on him. Police found a stolen rifle in the orchard across the street from the burglarized home. Defendant was charged with first degree residential burglary, grand theft of a firearm, receiving stolen property, and some misdemeanors. He pled guilty to receiving stolen property and admitted prior strikes for a stipulated sentence of 25 years to life in prison.

Defendant's criminal history began about 30 years before, with felony receiving stolen property in 1980, for which he was placed on probation. A year later, in 1981, he committed second degree burglary and was sentenced to prison for 16 months. In February 1982, the month he was released, he was arrested and a month later pled guilty to robbery (his first strike) and sentenced to four years in prison. In 1984, he was convicted of unlawful driving/taking a vehicle and sentenced to two years in prison. The same year, he was also convicted of escape. In 1985, he was convicted of grand theft and sentenced to three years in prison. In 1988, he was convicted of assault on a peace officer, battery on a peace officer, and thereafter, with another escape, all resulting in another four years and eight months in prison. Defendant violated parole and was returned to prison in 1991. When released on parole, he was arrested again in June 1991 and when released again, within months committed a first degree burglary (his second strike), a robbery (his third strike), and vehicle theft in 1992, which resulted in a total prison term of 18 years. He was released from prison in February 2003. Within nine months, in November 2003, defendant was arrested again. In August 2004, he brandished a weapon and was placed on probation for two years, including serving 180 days in jail. In January 2005 and January 2007, he violated that probation and was reincarcerated. Defendant was paroled in April 2007 and committed his current offense eight months later.

Defendant's criminal history was preceded by his delinquency in 1979, for which he was committed to the California Youth Authority.

3

Defendant has been incarcerated for his current offense of receiving stolen property since December 2007. During this time, defendant has not been written up for prison misconduct. Once a validated member of a prison gang, defendant is now considered by prison officials to be a gang dropout. He has participated in narcotics anonymous, art therapy, anger management, education classes, and vocational training.

Defendant filed a petition for resentencing under the Act in February 2013. The People responded in writing that defendant was eligible for resentencing but that the court should not resentence him because he "poses a completely unreasonable risk of danger to public safety." They also argued that if the court were "inclined" to resentence him, "the People instead would request that the original plea [be] withdrawn and the case . . . set for trial on the original charges" because they would "no longer [be] getting the benefit of the bargain." Defendant then filed a supplemental petition detailing his record of rehabilitation since his current incarceration.

At the hearing on defendant's petition, the parties agreed that the burden of proof was with the People to prove by a preponderance of evidence that defendant posed an unreasonable risk of danger to public safety if released. The People relied on the evidence they had previously submitted to the court in their response to defendant's petition for resentencing that included defendant's "969(b) packet," the preliminary examination transcript from the current offense, and the postsentencing report prepared by the probation department from the current offense. They "acknowledge[d] that while in prison, [defendant] has actually been exemplary" but that "does not change that he is an unreasonable risk of danger to the community." Defense counsel argued that defendant was now 51 years old and since being transferred to Mule Creek prison in December 2009, "he's worked very diligently toward rehabilitation in those last about three and a half years."

Before announcing its ruling, the court made some "general observations." Its job was to "determine whether resentencing and obviously release would pose an

4

unreasonable risk of danger to public safety. The problem is we're essentially being asked as courts to predict future dangerousness." "[W]e've developed a variety of tools that supposedly have made it easier to . . . predict future dangerousness, none of which is before the Court in this case," such as the "Static 99" and a "variety of other . . . psychological evaluations." It was not "lost on any of us" that "when a person has been sentenced to a life term and comes to court . . . with almost a last grasp at hope for . . . having their life handed back to them after being sentenced to a life sentence," "it's an awesome responsibility on the parties" and on the court to make that determination.

After making those observations, the court "turn[ed] to what [it] ha[d] before [it]." It was "significant" that defendant had been discipline free for five years and that was one of the facts the court was "directed to consider." But defendant had a "nonstop criminal history" that included violent felonies, specifically, defendant's two robberies and two escapes from confinement. Although the court did not "recall being made aware of any injuries to victims," "any threat of violence to obtain property" carries with it "at least psychological injury." "[O]f greatest concern" was that shortly after an 18-year prison commitment, defendant exhibited a weapon. And defendant's current crime of receiving stolen property in 2007 was not remote. "Weighing all of these factors" defendant "would pose an unreasonable risk of danger to public safety" and, thus, the court denied his petition for resentencing.

Defendant timely appealed from that denial.

DISCUSSION

I

*The Term "Unreasonable Risk Of Danger To Public Safety"*

*Is Not Void For Vagueness*

Defendant contends that section 1170.126 is unconstitutionally vague because the term "unreasonable risk of danger to public safety" (§ 1170.126, subd. (f)) is not defined. We disagree.

5

"The constitutional interest implicated in questions of statutory vagueness is that no person be deprived of 'life, liberty, or property without due process of law,' as assured by both the federal Constitution (U.S. Const., Amends. V, XIV) and the California Constitution (Cal. Const., art. I, § 7)." (*Williams v. Garcetti* (1993) 5 Cal.4th 561, 567.) "All presumptions and intendments favor the validity of a statute and mere doubt does not afford sufficient reason for a judicial declaration of invalidity. Statutes must be upheld unless their unconstitutionality clearly, positively and unmistakably appears." (*Lockheed Aircraft Corp. v. Superior Court* (1946) 28 Cal.2d 481, 484.)

Defendant fails to satisfy this demanding standard. Under the Act, a defendant who is not otherwise ineligible for resentencing "shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

"In exercising its discretion in subdivision (f), the court may consider:

" (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;

"(2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and

" (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).)

The meaning of "unreasonable risk of danger to public safety" is made clear by reference to the examples of evidence the trial court may consider in making this determination. To determine unreasonable risk, the trial court may consider any relevant evidence, including a defendant's criminal conviction history and record of discipline and rehabilitation while incarcerated. Far from giving "insufficient guidance" on how to

6

determine unreasonable risk as defendant claims, the statute enumerates factors the court may consider in exercising its discretion.

Defendant insists the term "unreasonable risk of danger to public safety" is vague because the term "unreasonable" is not defined with mathematical precision. He questions whether it "mean[s] a risk of harm that is more likely that not to occur, say a risk greater than 50%? Or is an 'unreasonable risk' one which cannot be elicited by the use of reasonable or rational analysis?"

The critical inquiry, however, is not whether the risk is quantifiable, but rather, whether the risk would be "unreasonable." (§ 1170.126, subd. (f).) " 'The law is replete with instances in which a person must, at his peril, govern his conduct by such nonmathematical standards as "reasonable," "prudent," "necessary and proper," "substantial," and the like. Indeed, a wide spectrum of human activities is regulated by such terms: thus one man may be given a speeding ticket if he overestimates the "reasonable or prudent" speed to drive his car in the circumstances (Veh. Code, § 22350), while another may be incarcerated in state prison on a conviction of willful homicide if he misjudges the "reasonable" amount of force he may use in repelling an assault [citation]. As the Supreme Court stated in *Go-Bart Importing Co. v. United States* (1931) 282 U.S. 344, 357 [75 L.Ed. 374 . . .], "There is no formula for the determination of reasonableness." Yet standards of this kind are not impermissively vague, provided their meaning can be objectively ascertained by reference to common experiences of mankind.' " (*People v. Morgan* (2007) 42 Cal. 4th 593, 606, quoting *People v. Daniels* (1969) 71 Cal.2d 1119, 1128-1129].)

Here, as we have explained, the meaning of the term "unreasonable risk of danger to public safety" is clear because it can be objectively ascertained by reference to the examples of evidence the trial court may consider in making this determination. There is no merit in defendant's claim otherwise.

7

## II

### *The Trial Court Did Not Abuse Its Discretion*

### *In Finding An Unreasonable Risk Of Danger To Public Safety*

Defendant contends that to the extent the Act provides a "standard of guided discretion for the determination of 'unreasonable risk of danger to public safety,' the trial court abused its discretion in this case." Included in this contention are defendant's claims: (a) the court did not place any burden of proof on the People; (b) the court "may" have considered the People's argument that if it were "inclined" to resentence defendant, "the original plea [be] withdrawn and the case . . . set for trial on the original charges"; and (c) the court abused its discretion in coming to the conclusion that it did with the factors it considered. We take each of these claims in turn, finding merit in none.

### A

### *The Court Placed The Burden Of Proof On The People*

Defendant claims the court did not place any burden of proof on the People. The record refutes defendant's claim. Toward the beginning of the hearing, defense counsel stated that the burden of proving unreasonable risk was "on the People, by a preponderance of the evidence." The court responded that "makes sense to me." The defense attorney then cited *Kaulick*, which holds that the People bear the burden of establishing dangerousness by a preponderance of the evidence. (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1301.) Thus, the court squarely placed the burden of proof on the People.

However, the issue of the burden of proof is a red herring. We express no opinion as to whether the trial court was correct, and defendant does not claim a higher burden should have been imposed. It is difficult to imagine a case in which the burden of proof will matter in an appeal from a denial of resentencing based on a finding that a defendant poses an "unreasonable risk of danger to public safety." The facts are undisputed, limited as they usually are to defendant's criminal history. Where evidentiary facts are disputed,

8

the appropriate standard of review on appeal would be sufficiency of the evidence, and the question would be whether there is "substantial" evidence to support the ruling, i.e., evidence that is reasonable in nature, credible, and of solid value. Clearly, our standard of review is abuse of discretion. " 'We find no authority distinguishing between insufficient evidence and abuse of discretion. It would seem obvious that, if there were no evidence to support the decision, there would be an abuse of discretion.' " (*In re Marriage of Russo* (1971) 21 Cal.App.3d 72, 86-87.) But here, there is ample evidence, uncontradicted, though the ultimate fact -- whether defendant would pose an unreasonable risk of danger to public safety if released -- is hotly contested. Resolution of that fact is a quintessential exercise of discretion, like a multitude of other determinations vested in judicial officers, guided by the standards set forth in section 1170.126, subdivision (g).

B

*There Is No Evidence The Court Considered The People's Argument*

*About Withdrawing Defendant's Three Strikes Plea Agreement*

Defendant contends the court "may" have considered the People's argument that if the court were "inclined" to resentence defendant, "the original plea [be] withdrawn and the case . . . set for trial on the original charges" because the People would "no longer [be] getting the benefit of the bargain." He claims this was a possibility because there was "an absence of other significant factors to support the rejection of recall."

There is no support in the record for defendant's argument. The court discussed each of the factors it weighed it determining whether resentencing defendant would pose an unreasonable risk of danger to public safety. The People's argument about withdrawal of the plea bargain was not one of them.

9

C

*The Trial Court Did Not Abuse Its Discretion In Concluding That Defendant's Resentencing Would Pose An Unreasonable Risk Of Danger To Public Safety*

Defendant argues the court abused its discretion by failing to give credence to the factors that weighed in favor of defendant's release. We review a trial court's exercise of discretion using the abuse of discretion standard, under which it is not enough for a defendant to show that reasonable people might disagree about the court's sentencing decision but rather, the defendant must show, for example, the court was unaware of its discretion or acted arbitrarily. (See *People v. Carmony* (2004) 33 Cal.4th 367, 376-378 [making these observations in terms of a trial court's exercise of discretion in determining whether to strike a defendant's strike].)

Here, defendant's argument about the factors the court did consider is based on a disagreement about the trial court's weighing of appropriate factors. Specifically, defendant points out that his robbery strikes were remote, "there was no record of harm to any of the victims," and his conduct in prison was "good." This reweighing is not an appropriate basis on which to find an abuse of discretion. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378.) The trial court was well aware of the factors defendant cites on appeal, as it specifically noted as "significant" the five years defendant had spent in prison discipline free and the fact that it had not been made aware of any injuries to victims (although it noted that defendant's victims would have been psychologically injured from the robberies). But the court did not find that these factors were significant enough to overcome the factors indicating that resentencing him would pose an unreasonable risk of danger to public safety. Specifically, it did not find that the remoteness of the robbery strikes weighed in favor of resentencing because defendant had an "on-going, nonstop criminal history," two escapes from confinement, an 18-year prison commitment, shortly after which he exhibited a weapon, and had recently committed the current offense of receiving stolen property. Based on a weighing of all

10

the factors, including the negative ones we have recounted, the court reasonably believed that resentencing defendant would pose an unreasonable risk of danger to public safety. Simply because reasonable people could disagree, this does not mean the court abused its discretion.

## DISPOSITION

The judgment (the court's order denying defendant's petition for resentencing) is affirmed.

                                     _____ROBIE_____, J.

We concur:

_____RAYE_____, P. J.

_____HOCH_____, J.

11